J137-5643

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. Mishan & Sons, Inc.,<br><br>    *Plaintiff*,<br>v.<br><br>Shanghai Xinqi Electronic Technology Co. Ltd.,<br><br>    *Defendant*. | Civil Action No. _____<br><br>**COMPLAINT FOR:**<br>**1) DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT No. 12,209,005; AND**<br>**2) TORTIOUS INTERFERENCE WITH BUSINESS AND CONTRACTUAL RELATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, E. Mishan & Sons, Inc. ("Emson"), by its attorneys, for its Complaint against Shanghai Xinqi Electronic Technology Co. Ltd. ("Defendant") alleges as follows:

## THE PARTIES

1. Emson is a New York corporation with a place of business at 230 Fifth Avenue, New York, New York.

2. Defendant is a Chinese company with a place of business at Room 126, Building 1, No. 1158, Zhongxin Road, Jiuting Town, Sungjiang District, Shanghai, China.

## JURISDICTION AND VENUE

3. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., for declaratory judgment of non-infringement and invalidity of U.S. Patent Number 12,209,005 (the "'005 Patent") (attached as Exhibit A).

4. Emson brings this declaratory judgment action because Defendant has created an actual and immediate controversy under the '005 Patent by asserting an objectively baseless patent infringement claim against Emson's rechargeable mason jar

sealer which sold under the trademark "ROBOSEAL" (the "Accused Products") on the Amazon online marketplace at the URL *www.amazon.com*.

5. The Court has subject matter jurisdiction over the patent claims in this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under 28 U.S.C. §§ 1331 and 1338(a), because the action arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq*. Subject matter jurisdiction over the state law claim in this action is proper pursuant to 28 U.S.C. § 1367 because this claim is substantially related to the federal claims asserted herein such that it forms part of the same case or controversy.

6. The Court has personal jurisdiction over Defendant because, on information and belief, Defendant has purposefully directed commercial activities toward the United States, including this District, by offering for sale and selling products to U.S. consumers, whether directly or through distributors, resellers, or licensees. In addition, Defendant purposefully directed conduct at Emson, a New York corporation, by submitting infringement allegations to Amazon.com, Inc. ("Amazon") that were intended to and did cause commercial injury to Emson within this District. Defendant should have reasonably anticipated that its actions would have consequences in this District, and the exercise of jurisdiction over Defendant in this action is consistent with due process.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

8. Defendant has deliberately targeted Emson within this District by submitting to Amazon baseless and unsupported accusations that Emson infringed the '005 Patent. Relying on Defendant's unsubstantiated assertions, Amazon removed Emson's product

listings, causing immediate and continuing disruption to Emson's business and inflicting significant commercial and financial harm in this District.

## STATEMENT OF FACTS

A. <u>Emson</u>

9. Emson markets and sells consumer products throughout the United States to wholesale customers and direct to consumers through print media, the Internet, direct response television ("DRTV") advertising, TV shopping channels, and via online retailers.

10. Emson had been selling the Accused Products on the Amazon online marketplace before Defendant submitted its bad faith infringement assertion to Amazon.

11. Emson has developed substantial business on the Amazon online marketplace and has invested significant resources to build and maintain the commercial reputation associated with its products. The Amazon online marketplace is a significant sales channel for Emson, and the continued availability of Emson's product listings on that platform is essential to sustaining its revenue, customer relationships, and competitive position in the marketplace.

12. Selling on the Amazon online marketplace is highly advantageous, as the platform provides third-party sellers like Emson with broad online marketplace exposure and access to a large consumer base that is not readily matched by most other e-commerce market platforms.

13. Each of Emson's products sold on amazon.com are given a unique Amazon Standard Identification Number ("ASIN"). For example, the assigned ASINs for the Accused Products are B0FH348FPC and B0F38VB62C.

B.     Defendant's Acts Comprising An Actual Controversy

14.    On or about October 28, 2025, Amazon notified Emson that it had summarily deactivated ASINs B0FH348FPC and B0F38VB62C (the "Deactivated ASINs"). Amazon took this action after receiving reports submitted by a representative of the owner of the '005 Patent, identified as "Complaint ID: 18714092211" and "Complaint ID: 18815744211," alleging that the products offered under those ASINs "may infringe" the '005 Patent (the "Amazon Complaint").

15.    Defendant is listed as the assignee on the face of the '005 Patent and in United States Patent and Trademark Office records. Upon information and belief, Defendant is the owner of the '005 Patent.

16.    Emson was not given any opportunity to provide Amazon with its non-infringement position before Amazon removed the Accused Products from its online marketplace.

17.    Defendant's assertions of infringement are baseless, and were advanced in bad faith with the intent to deliberately interfere with a key sales channel that represents a substantial portion of Emson's revenue for the Accused Products.

18.    Upon information and belief, Defendant is offering a competing mason jar sealer for sale on the Amazon online marketplace, either directly or through importers and/or resellers.

19.    Defendant's allegations that Emson infringes the '005 Patent create an actual case or controversy regarding the validity and alleged infringement of the '005 Patent.

20. A declaratory judgment from this Court will clarify and resolve the parties' legal dispute, eliminate the existing uncertainty created by Defendant's allegations, and stop the continued accrual of damages and other harm to Emson.

## Count I

### Declaratory Judgment
### Non-Infringement of U.S. Patent No. 12,209,005

21. The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

22. The '005 Patent is entitled "Mason Jar Sealing Device," was filed on April 2, 2024, and issued on January 28, 2025.

23. The '005 Patent has one independent claim (*see* Exhibit A).

24. The Accused Products do not infringe the '005 Patent because they lack one or more limitations of the only independent claim, Claim 1. As a non-limiting example, a mere cursory review of the Accused Products immediately reveals that the Accused Products do not have an "isolation plate [ ] arranged with an air delivery pipe," or an "air delivery pipe [that] fluidly connects the vacuum pump with the sealing space through the isolation plate."

25. Because the Accused Products do not meet each and every claim limitation of independent claim 1 of the '005 Patent, the Accused Products also do not meet each and every claim limitation of dependent claims 2-18 of the '005 Patent. Thus, the Accused Products do not infringe any claim of the '005 Patent.

26. Despite the Accused Products plainly lacking claim limitations required by the '005 Patent, Defendant has nevertheless asserted and continues to assert an unfounded allegation of infringement.

5

27. Emson has been unable to sell the Accused Products on the Amazon online Marketplace since the wrongful delisting of the Deactivated ASINs. As a direct result, Emson continues to sustain significant and ongoing commercial harm, including lost sales and diminished marketplace visibility for its Accused Products. These injuries compound each day that Defendant persists in maintaining its baseless infringement allegations and fails to retract those allegations with Amazon so that Emson's listings may be restored.

28. Emson also faces additional imminent harm if Amazon requires it to accept the return of inventory associated with the Deactivated ASINs. Such forced returns would cause Emson to incur substantial Amazon-related fees. These expenses would further compound the commercial damage already caused by Defendant's baseless infringement allegations and the resulting delisting of Emson's products.

29. As a result of Defendant's actions and statements to Amazon, there is an actual controversy between Emson and Defendant as to whether the Accused Products infringe the '005 Patent.

30. Emson seeks a declaratory judgment that making, using, offering to sell, selling, and importing the Accused Products do not and will not infringe any valid claim of the '005 Patent.

31. Defendant's allegations, made to online marketplace platforms like Amazon, threaten actual and imminent injury to Emson, including at least harm to reputation and the ability to continue to make sales on said platform. Despite Emson's efforts to date, Amazon has not relisted the Accused Products, which is causing Emson ongoing and irreparable harm that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law.

32.     Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Emson to the attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

## Count II

### Declaratory Judgment
### Invalidity of U.S. Patent No. 12,209,005

33.     Emson restates the foregoing paragraphs as if fully set forth herein.

34.     Emson seeks declaratory judgment that the '005 Patent is invalid.

35.     Upon information and belief, Defendant owns the '005 Patent.

36.     An actual and substantial controversy has arisen and now exists between the parties concerning the validity of the '005 Patent based on Defendant's Amazon Complaint.

37.     The '005 Patent is invalid because the purported inventions therein fail to meet the conditions of patentability specified in 35 U.S.C. §§ 101 *et seq.* including but not limited to 35 U.S.C. §§ 102, 103, and/or 112. A judicial declaration that the '005 Patent is invalid and/or unenforceable because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Emson can ascertain its rights and duties with respect to the '005 Patent.

38.     The '005 Patent is invalid under 35 U.S.C. § 102 and/or § 103 because the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention; was described in a patent, or in an application for patent published or deemed published under 35 U.S.C. § 122(b), in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the

claimed invention; and/or the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains.

39. For example, the following, alone or in combination, render the '005 Patent invalid as anticipated and/or obvious:

    a. U.S. 4,372,096

    b. U.S. 4,660,355

    c. U.S. 6,012,265

    d. U.S. 6,662,831

    e. U.S. 6,968,870

    f. U.S. 7,003,928

    g. U.S. 7,131,250

    h. U.S. 8,488,314

    i. U.S. 9,359,121

    j. U.S. 10,683,115

    k. U.S. 11,692,536

    l. U.S. 11,891,228

    m. U.S. Publ. 2011/0220608

    n. U.S. Publ. 2018/0368613

    o. U.S. Publ. 2019/0367233

    p. CN 204688748

    q. CN 214085715

    r.  CN 214987308

    s.  FoodSaver Vacuum Sealing System

Copies of each of the above are attached as Exhibits B-T, respectively.

## Count III

### Tortious Interference with Business And Contractual Relations
### (New York law)

40. Emson restates the foregoing paragraphs as if fully set forth herein.

41. At all relevant times, Emson was party to an agreement with Amazon permitting it to sell the Accused Products.

42. Upon information and belief, Defendant knew that sales of the Accused Products on the Amazon online marketplace were pursuant to an agreement and business relationship between Emson and Amazon.

43. It is common knowledge that all sellers on Amazon list their products pursuant to an agreement and business relationship with Amazon.

44. Defendant was fully aware of the business relationship between Emson and Amazon at the time it submitted the Amazon Complaint, as its allegations were directed specifically to Amazon for the purpose of affecting Emson's product listings.

45. Defendant knowingly submitted an unsubstantiated and frivolous complaint with Amazon, alleging without any reasonable basis, that the Accused Products infringe the '005 Patent.

46. Defendant acted in bad faith and abused Amazon's reporting procedures by asserting baseless claims of patent infringement for the purpose of disrupting Emson's ongoing sales and interfering with Emson's established contractual and business relationship with Amazon.

47. Upon information and belief, Defendant undertook this wrongful conduct to impede Emson's ability to sell the Accused Products and to advance its own competing mason jar sealer on the Amazon online marketplace without meaningful competition. Defendant's malicious and wrongful actions caused substantial damages to Emson.

**REQUEST FOR RELIEF**

WHEREFORE, Emson prays for judgment in its favor against Defendant and its affiliates, partners, officers, directors, representatives, servants, employees, attorneys and all persons in active concert, privity or participation with Defendant for the following relief:

A. A judgment that:

   a. the Accused Products do not infringe any claim of the '005 Patent; and

   b. the '005 Patent is invalid.

B. A preliminary and permanent injunction enjoining Defendants, its affiliates, partners, officers, directors, agents, servants, employees, attorneys, representatives, successors, assigns, and all persons, firms, or corporations in active concert, privity, or participation with any of them, from:

   a. asserting the '005 Patent against the Accused Products;

   b. otherwise interfering with Emson's sale of the Accused Products.

C. An order directing Defendant, and its affiliates, partners, officers, directors, agents, servants, employees, attorneys, representatives, successors, assigns, and all persons, firms, or corporations in active concert, privity, or participation

with any of them, to immediately withdraw any complaint filed against the Accused Products with any ecommerce site, including *amazon.com*.

D. That Defendant be required to account for and pay to Emson all of Defendant's profits realized by them as a consequence of its unlawful acts alleged herein, and that the amount of profits realized by Defendant by reason of such unlawful acts be increased to a sum not exceeding three times the amount thereof, as provided by law;

E. That damages be awarded to Emson in the full amount Emson has sustained as a consequence of Defendant's acts, trebled where provided by law;

F. That the Court declare this case is an "exceptional case" under 35 U.S.C. § 285 and award Emson its reasonable attorney fees together with its costs;

G. That Emson be granted prejudgment and post judgment interest; and

H. Such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Emson hereby demands trial by jury on all claims and issues so triable.

December 12, 2025                    Respectfully submitted,

                                                    s/ Alan Federbush
                                                    John Zaccaria
                                                        john.zaccaria@notaromichalos.com
                                                   Alan Federbush
                                                        alan.federbush@notaromichalos.com
                                                   Notaro, Michalos & Zaccaria P.C.
                                                   100 Dutch Hill Road, Suite 240
                                                   Orangeburg, NY 10962
                                                   Telephone:   (845) 359-7700
                                                   Facsimile:    (845) 359-7798

                                                   *Attorneys for Plaintiff*
                                                   *E. Mishan & Sons, Inc.*